UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

                Plaintiff,

v.

DEVONTE HAYES,

                Defendant.

Case No. 15-CR-173-1-JPS

**ORDER**

## 1. INTRODUCTION

In April 2023, the United States Sentencing Commission ("the Commission") proposed to Congress an amendment to the United States Sentencing Guidelines (the "Guidelines"), known as "Amendment 821" or the "2023 Criminal History Amendment." *Materials Relating to the 2023 Criminal History Amendment*, U.S. SENT'G COMM'N, https://www.ussc.gov/policymaking/materials-relating-2023-criminal-history-amendment [https://perma.cc/T954-GQFK] (last visited June 6, 2024). Part A of Amendment 821 "decreases 'Status Points' by one point for individuals with seven or more criminal history points and eliminates them for individuals with six or less criminal history points" (the "Status Point Amendment"). *Id.* (under "Who is Eligible for Retroactive Application?" heading). "Individuals who received Status Points in their criminal history calculation are eligible for this retroactive reduction." *Id.* In August 2023, the Commission voted to give retroactive effect to this portion of Amendment 821. *Retroactivity Amendment ("Reader-Friendly" version)*, U.S. SENT'G COMM'N (Aug. 31, 2023), *available at*

https://www.ussc.gov/sites/default/files/pdf/amendment-process/reader-friendly-amendments/202308_RF-retro.pdf [https://perma.cc/P2B4-8FUA] (last visited June 6, 2024). Amendment 821 took effect on November 1, 2023. *Id.*

In March 2024, Defendant Devonte Hayes ("Defendant") filed an inquiry regarding his eligibility for a sentence reduction under Amendment 821. ECF No. 100. Defendant specifically inquires as to his eligibility for relief under the Status Point Amendment. *Id.* ("I was on p[r]obation when [I] caught my federal offense.").

**2.  LAW AND ANALYSIS**

The Court may modify a term of imprisonment "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the . . . Commission pursuant to 28 U.S.C. [§] 994(o)." 18 U.S.C. § 3582(c)(2).[1] "[U]pon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." *Id.*

In the case of Amendment 821, the relevant policy statement is U.S.S.G. § 1B1.10. That provision states that "[a] reduction in the defendant's term of imprisonment is not consistent with this policy statement and therefore is not authorized under 18 U.S.C. § 3582(c)(2) if . . . [the] amendment . . . does not have the effect of lowering the defendant's

---

[1] Section 994(o) provides that the Commission may "review and revise" the Guidelines. 28 U.S.C. § 994(o).

applicable guideline range." U.S.S.G. § 1B1.10(a)(2)(B). The commentary adds that such a circumstance may arise "because of the operation of another guideline or statutory provision"—for example, "a statutory mandatory minimum term of imprisonment." U.S.S.G. § 1B1.10 app. note 1(A).

Additionally, "the court shall not reduce the defendant's term of imprisonment . . . to a term that is less than the minimum of the amended guideline range" determined after application of any relevant amendment(s), subject to exceptions not applicable here. U.S.S.G. § 1B1.10(b)(2)(A); U.S.S.G. § 1B1.10(b)(2)(B), (c) (setting forth exceptions).

Defendant falls within the group of offenders who are eligible to be considered for a reduced term of imprisonment under the Status Point Amendment. ECF No. 61 at 19. Nevertheless, the Court will not reduce Defendant's sentence under Amendment 821 for several reasons.

First, Defendant was subject to, and received as to Count Two, a mandatory minimum term of imprisonment. ECF No. 68 at 1; ECF No. 67 at 2. Second, applying the Status Point Amendment, the amended Guidelines range as to the remaining Counts One, Three, and Four would be 108 to 135 months' imprisonment, and the 72-month sentence that Defendant originally received as to these counts falls below the minimum of that amended range. ECF No. 67 at 2. It also fell below the original Guidelines range of 121 to 151 months' imprisonment. ECF No. 66 at 1; *see also* U.S.S.G. § 1B1.10 app. note 3 (noting that "[i]f the term of imprisonment [originally] imposed was outside the guideline range applicable to the defendant at the time of sentencing, the limitation in subsection (b)(2)(A) also applies").

Accordingly, the Court is constrained to deny Defendant's inquiry regarding his eligibility for a sentence reduction under Amendment 821, ECF No. 100, and need not analyze whether the factors in 18 U.S.C. § 3553(a) warrant such a reduction.

Accordingly,

**IT IS ORDERED** that Defendant Devonte Hayes's inquiry regarding his eligibility for a sentence reduction under Amendment 821, ECF No. 100, be and the same is hereby **DENIED**.

Dated at Milwaukee, Wisconsin, this 6th day of June, 2024.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge